East'n. District.
*June*, 1826.

*BABIN & AL.* vs. *LAINE & AL.*

BABIN & AL.
*vs.*
LAINE & AL.

APPEAL from the court of the second district.

The third possessor, who makes no defence when cited by the mortgagee, cannot afterwards stay the execution.

MATHEWS, J., delivered the opinion of the court. This appeal is taken from a final judgment rendered by the parish judge of the parish of Ascension, who took cognisance of the cause in consequence of the district judge being interested in its event, &c.

The plaintiffs are third possessors, and their warrantors, of mortgaged property, which was seized by the sheriff, in virtue of an order of seizure and sale obtained against it by the mortgagees, defendants in the present suit.

The evidence and documents of the case show, that the defendants, having obtained a judgment against the principal debtor, for the debt for which the mortgage was given, procured an order of seizure and sale as above stated, which was regularly served on the plaintiffs, who made no opposition to the proceeding, within the ten days allowed to them by law for that purpose; but when the sheriff was about to proceed to sell the property seized, they presented a petition to the judge

East'n District. *a quo* for an injunction to stay proceedings,
*June*, 1826. which was granted, and afterwards dissolved
Babin & al. on hearing of the cause : and from this decree
*vs.*
Laine & al. of dissolution they appealed.

The propriety of the judgment of the parish court, as based on the whole merits of the case, we shall not inquire into, being of opinion, that the opposition of the appellants to the seizure and sale of the mortgaged property, was not made in legal time.

The right of a mortgage creditor, to cause things mortgaged to be seized and sold, to satisfy the debts for which they were hypothecated, notwithstanding they may have changed owners and possessors, is legally clear and absolute. See *Civil Code, p.* 460. Third possessors of mortgaged property, have by law, the choice of either paying the debt for which it is mortgaged, or surrendering it to be sold, &c. If they do neither, then, they must be proceeded against by what is termed an action of mortgage, &c. The law allows to them ten days after notification of the order of seizure and sale; within which, they are bound to pay the debt for which the property is hypothecated, or make opposition to the

legality of the mortgage and proceedings thereon. *Civil Code, p.* 462.

East'n. District.
*June*, 1826.

BABIN & AL.
*vs.*
LAINE & AL.

It is true, that no negative expressions are found in the law denying the exercise of this right after the expiration of ten days; but we are of opinion, that the negative is so strongly implied, as to show the intention of the legislature was, to fix that period limited, within which alone such opposition may be made. Any other interpretation of the law on this subject, would entirely destroy the facility granted to the collection of debts secured by mortgage, and would produce the same delays in that mode of pursuit now called summary and prompt, which exist in the ordinary manner of proceeding, and which are so injurious to the credit of our fellow citizens who reside in the country.

If the appellants have any just claim to the land seized in the present case, by title, derived from any other person than the mortgagor and original debtor, such claims ought not to be affected by the present proceedings, and they may hereafter enforce it against any possessor, by action in due form.

It is therefore ordered, adjudged and

East'n. District.
*June*, 1826.

BABIN & AL.
*vs.*
LAINE & AL.

decreed, that the judgment of the parish court be affirmed with costs, reserving to the appellants any right of action which they may have founded on a title to the property in dispute, obtained from any person except the mortgagor.

*Preston* for the plaintiffs, *Ripley* for the defendants.